# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| KEITH D. BOX, | ) |
| Plaintiff, | ) |
| | ) Case No. 1:06-CV-0092 LMB |
| vs. | ) |
| | ) |
| LARRY CRAWFORD, et al., | ) |
| Defendants. | ) |

## ORDER AND MEMORANDUM

This matter is before the Court upon plaintiff's, Keith Box's, "motion to correct 1983 complaint ruling by the United States District Court," which the Court will construe as motion for reconsideration [Doc. 7]. Box moves the Court to reconsider its Order of July 18, 2006, in which the Court stated that Box could not seek to bring the instant action in forma pauperis pursuant to 28 U.S.C. § 1915 because he had three or more actions dismissed as frivolous or for failing to state a claim upon which relief may be granted. Based on this determination, the Court denied Box leave to proceed in forma pauperis and ordered him to pay the $350.00 filing fee within thirty days of the date of said Order. The Court further ordered that failure to pay the $350.00 filing fee would result in the Court's dismissing this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

In support of Box's motion to reconsider, he states that the Court erred in concluding that he was not under "imminent danger of serious physical injury." Box alleges that he sustained two fractured fingers on his right hand on March 19, 2006, for which medical treatment has been delayed or denied. He asserts that such delay or denial of medical treatment constitutes "imminent danger."

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Hagerman v. Yukon Energy Corp.*, 839 F.2d

407, 414 (8th Cir. 1988) (quoting *Rothwell Cotton Co. v. Rosenthal & Co.,* 827 F.2d 246, 251 (7th Cir.), *as amended,* 835 F.2d 710 (7th Cir. 1987). Moreover, a motion to reconsider may not be used to raise arguments which could have been raised prior to the Court's dismissal of the action. *See Federal Deposit Ins. Corp. v. Meyer,* 781 F.2d 1260, 1268 (7th Cir. 1986).

The Court has reviewed Box's motion and finds no "manifest errors of law or fact" in its Order of July 18, 2006. Deliberate indifference to serious medical needs may constitute "imminent danger of serious physical injury" and may fall within the exception to the "three strikes" rule. *McAlphin v. Toney*, 281 F.3d 709, 710 (8th Cir. 2002). However, Box states that his fingers were X-rayed and that he was seen by staff nurses and by doctors, including an orthopedist. Thus, his claims amount to a disagreement with his course of treatment and, although they may be cognizable as a negligence or medical malpractice claim under state law, they are insufficient to sustain a constitutional violation. *Smith v. Marcantonio*, 910 F.2d 500, 502 (8th Cir. 1990). "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Therefore, the Court will deny Box's motion for reconsideration.

The Court notes that, pursuant to its Order of July 18, 2006, Box's action will be dismissed if he fails to pay the filing fee on or before August 17, 2006. Because of the delay occasioned by Box's filing the instant motion, the Court will grant him an additional ten (10) days, to and including August 27, 2006, within which to pay the filing fee.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for reconsideration [Doc. 7] be **DENIED**.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the $350.00 filing fee on or before August 27, 2006, the Court will dismiss this action. *See* Rule 41(b) of the Federal Rules of Civil Procedure.

_____
**RODNEY W. SIPPEL**
**UNITED STATES DISTRICT JUDGE**

Dated this 31st day of July, 2006.